626 A.2d 92

∎

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee,**

v.

**Danny McCANN, Appellant.**

Supreme Court of Pennsylvania.

Argued March 12, 1992.

Resubmitted Dec. 22, 1992.

Decided May 26, 1993.

Joseph E. Vogrin, III, Scott, Vogrin & Riester, Pittsburgh, PA, for appellant.

Harold H. Cramer Asst. Chief Counsel, Dept. of Transp., Harrisburg, PA, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ

458

FLAHERTY, Justice.

This is an appeal, by allowance, from a memorandum opinion and order of the Commonwealth Court which affirmed an order of the Court of Common Pleas of Allegheny County upholding a one-year suspension of driving privileges imposed by the Pennsylvania Department of Transportation (Penn-DOT) upon the appellant, Danny McCann. Upon initial consideration of this appeal, this Court, being equally divided, entered on April 16, 1992 a per curiam order that the decision of the Commonwealth Court would remain in effect. *Commonwealth, Department of Transportation v. McCann*, 529 Pa. 444, 604 A.2d 1027 (1992). We subsequently granted an application for reconsideration. Hence, we again address the appeal.

The pertinent facts as found by the trial court are as follows. In October of 1988, appellant was arrested for driving under the influence of alcohol. Police requested that appellant submit to a chemical test, to wit, a breathalyzer test, to determine his blood alcohol level. See Vehicle Code, 75 Pa.C.S. § 1547(a) (operation of motor vehicle provides implied consent for mandatory blood alcohol test). Appellant refused to take the test, and, as a result, his license to drive was suspended by PennDOT for one year. See 75 Pa.C.S. § 1547(b) (suspension of license).

When appellant refused to take the breathalyzer test, he stated that he would not participate in the test unless he was first given an opportunity to speak with his attorney. Police responded by informing appellant that he would not be permitted to speak with an attorney before taking the test. They did not, however, explain that the constitutional right to counsel is not applicable to breathalyzer tests. At issue is whether the police response to appellant's request for legal consultation was adequate under the standard set forth in *Commonwealth, Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989). We hold that it was not.

In *O'Connell,* this Court set forth the following requirement:

> [W]here an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

521 Pa. at 252, 555 A.2d at 878. PennDOT argues that *O'Connell* can be read as requiring that the foregoing explanation be provided to arrestees only in cases where police have provided *Miranda* * warnings, the theory being that by giving such warnings the police become responsible for any confusion instilled regarding the scope of the right to counsel. The following language in *O'Connell* is relied upon by PennDOT:

> Since the course of conduct of the police creates the confusion in these cases, it is appropriate to place the duty on them to clarify the extent of the right of counsel when asking arrestees to take breathalyzer tests thereby insuring that those arrestees who indicate their confusion over their *Miranda* rights, are not being misled into making uninformed and unknowing decisions to take the test.

521 Pa. at 253, 555 A.2d at 878. See also *Commonwealth v. McFadden,* 522 Pa. 100, 559 A.2d 924 (1989) (arrestee, who was given *Miranda* warnings, should have been told that the right to counsel did not apply to breathalyzer tests).

Inasmuch as, in the present case, no *Miranda* warnings were given to appellant, PennDOT asserts that the *O'Connell* requirements are not applicable. Likewise, the Commonwealth Court, in holding that the *O'Connell* standards were not violated, placed emphasis on the fact that appellant was not accorded any *Miranda* warnings.

█ To focus upon whether *Miranda* warnings were provided is, however, an erroneous approach in view of our per

* *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

curiam decision in *Mihalaki v. Commonwealth, Department of Transportation*, 525 Pa. 332, 580 A.2d 313 (1990), rev'g, 123 Pa.Commw. 353, 553 A.2d 1042 (1989). Our decision in *Mihalaki* was rendered on October 3, 1990, just one day prior to the Commonwealth Court's decision in the present case, October 4, 1990. The close proximity of these dates explains, no doubt, why the Commonwealth Court failed to take notice of *Mihalaki*. In *Mihalaki*, a drunk driving case in which no *Miranda* warnings had been given to the arrestee, we ordered reinstatement of the arrestee's license to drive. We cited *O'Connell* as the controlling precedent, thereby establishing that the arrestee's request to speak with counsel before taking a blood alcohol test should have been met with an explanation from police that the right to counsel was not applicable. In view of *Mihalaki*, it is clear that the *O'Connell* requirements must be satisfied irrespective of whether police have provided *Miranda* warnings to an arrestee.

█ Inasmuch as appellant requested legal consultation and was not advised by police that his right to counsel under *Miranda* did not extend to breathalyzer test procedures, it cannot be said that his refusal to take the breathalyzer test was a knowing and conscious one. See *Commonwealth v. McFadden*, 522 Pa. at 103, 559 A.2d at 925. The procedures utilized by the police, whereby, without further explanation, appellant was simply told that he could not contact his attorney, did not satisfy the requirements of *O'Connell* and *Mihalaki*. The order of the Commonwealth Court must, therefore, be reversed.

Order reversed.

NIX, C.J., and PAPADAKOS and MONTEMURO, JJ., did not participate in the consideration or decision of this case.