629 A.2d 217

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING**

v.

**Anthony N. GOMO, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 24, 1992.

Decided July 15, 1993.

Thomas V. Myers, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge of Appellate Section, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Anthony N. Gomo (Licensee) appeals an order of the Court of Common Pleas of Erie County (trial court) sustaining the suspension of his operator's license for one year by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT).[1]

Licensee was stopped at a check point on September 21, 1991, by Officer Ramon Watkins who noticed several signs of intoxication. After Licensee failed three field sobriety tests, Officer Watkins arrested Licensee for driving under the influ-

---

1. This case was reassigned to the author on June 15, 1993.

ence of alcohol, Section 3731 of the Vehicle Code, *as amended,* 75 P.S. § 3731. No *Miranda* warnings were given.[2]

Officer Watkins then requested Licensee to submit to an intoxilyzer test pursuant to Section 1547 of the Vehicle Code, *as amended,* 75 P.S. § 1547 (implied consent law), and gave him the implied consent warnings. Licensee stated that he would not submit to the test until he spoke to his attorney. Officer Watkins told Licensee that he was not entitled to speak to his attorney.[3] Officer Watkins also stated that he would "accommodate" Licensee by allowing him to contact his attorney; however, the telephones were inoperative and Licensee could not reach his attorney after two attempts. Licensee again refused to submit to the test until he spoke to his attorney, and Officer Watkins again stated that he was not entitled to an attorney before taking the test, and that if he refused to take the test, his license would be suspended.

By letter dated October 17, 1991, PennDOT notified Licensee that his operating privileges were scheduled for a one-year suspension for the refusal to submit to chemical testing on September 21. Licensee appealed the suspension to the trial court. After a de novo hearing where both Officer Watkins and Licensee testified, the trial court dismissed the appeal and upheld the suspension, finding that Licensee had requested to speak to an attorney but that he exhibited no overt manifestations of confusion, and that Officer Watkins

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Officer Watkins' testimony before the trial court related his conversation with Licensee:

   . . . .

   I told him that I would prefer that he submit to the intoxilyzer test and he advised us that he refused to take the test until he notified an attorney. . . . I advised Mr. Gomo he was not entitled to an attorney, but if we could accommodate with him, he would be entitled to call one. . . . He could not notify his attorney, therefore, he came back to the intoxilyzer. He advised again that he was not taking the test until he contacted his attorney. I advised he was not entitled to an attorney.

   . . . .

   (R.R. 10a).

had adequately explained Licensee's rights to him. Licensee then filed this appeal.[4]

Licensee contends that the suspension was not based upon a knowing and conscious refusal of chemical testing because he requested to speak to his attorney, and the officer's response that he was not entitled to an attorney was insufficient under *O'Connell* to explain the inapplicability of his constitutional rights.

■■■ In *O'Connell*, the Supreme Court held that when a licensee is requested to take a chemical test and there is confusion about the right to an attorney, the police officer is required to explain that the right to an attorney is inapplicable to the test. *O'Connell*, 521 Pa. at 252, 555 A.2d at 878. A request to speak to an attorney, in itself, is an overt manifestation of confusion about the right to counsel and must be met with an instruction from the police that his constitutional rights are not applicable to the chemical testing.[5] Moreover, the Supreme Court has held that the *O'Connell* requirements must be satisfied even where *Miranda* warnings are not given to an arrestee who asks to speak to an attorney. *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. McCann*, 533 Pa. 456, 626 A.2d 92 (1993, J. Flaherty); *Mihalaki v. Commonwealth, Department of Transportation*, 525 Pa. 332, 580 A.2d 313 (1990), *reversing*, 123 Pa.Commonwealth Ct. 353, 553 A.2d 1042 (1989).

4. In a license suspension case, our scope of review is limited to determining whether the findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Commonwealth, Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

5. *See Department of Transportation, Bureau of Driver Licensing v. Sorg*, 147 Pa.Commonwealth Ct. 82, 91, 606 A.2d 1270, 1274 (1992) ("Where, however, there is an overt manifestation of confusion (normally appearing as a licensee's request to call an attorney)") *petition for allowance of appeal denied*, 531 Pa. 657, 613 A.2d 561 (1992); *also Department of Transportation, Bureau of Driver Licensing v. Hoover*, 147 Pa.Commonwealth Ct. 70, 606 A.2d 1264 (1992), *petition for allowance of appeal denied*, 531 Pa. 656, 613 A.2d 561 (1992); *Department of Transportation, Bureau of Driver Licensing v. McGarvey*, 136 Pa.Commonwealth Ct. 358, 583 A.2d 39 (1990).

■ In *McCann*, the licensee refused to take the breathalyzer test when requested, stating that he would not participate unless he was first given an opportunity to speak with his attorney. *McCann*, 533 Pa. 458–459, 626 A.2d at 93. The police officer only told McCann that he would not be permitted to speak to his attorney, but did not explain that the constitutional right to counsel is not applicable to chemical testing under the implied consent law. *Id.* The Supreme Court held that that response by the police was inadequate under the requirement set forth in *O'Connell:*

> [W]here an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police must instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

*O'Connell*, 521 Pa. at 252, 555 A.2d at 878. This court, in *Sorg*, set forth the information which must be given to a licensee who requests to speak to an attorney or otherwise exhibits overt manifestations of confusion in an attempt to dispel his confusion.[6]

■ In this case, no further information was given to Licensee when he requested to speak to his attorney other

---

**6.** In *Sorg*, we stated that the licensee should be told:

1. That the right to counsel is a constitutional right and applies only to criminal proceedings, not to civil proceedings.

2. That the request to submit to chemical testing is not a criminal proceeding, that it is a civil proceeding, but the licensee's refusal to submit to the testing may be introduced in evidence in a subsequent criminal proceeding.

3. That the licensee does not have a right to contact an attorney or anyone else before taking the test nor does he have the right to remain silent as to the testing procedures; that is, licensee must affirmatively agree to submit to the chemical testing.

*Id.* at 91, 606 A.2d at 1275. In *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Elko*, 155 Pa.Commonwealth Ct. 24, 624 A.2d 717 (1993, J. Doyle), we held that the police are not required to repeat the information stated in *Sorg* verbatim so long as the subject matter is covered.

than the response that he was not entitled to an attorney. That response is insufficient under *O'Connell* and *Sorg* and, therefore, the Licensee's refusal was not a knowing and conscious one. It bears repeating that the police must only respond with further information concerning his rights when a licensee requests to speak to attorney, and once the license has that information, any refusal is considered knowing and conscious. Accordingly, the order of the trial court is reversed.

## ORDER

AND NOW, this 15th day of July, 1993, the order of the Court of Common Pleas of Erie County, No. 5713–A–1991, dated June 2, 1992, is reversed.

PALLADINO, Judge, dissenting.

I respectfully dissent from the majority's continued expansion of the principles set forth in *O'Connell*.[1] The majority holds that even when no *Miranda*[2] warnings are given, a Licensee's mere request to speak to an attorney when asked to submit to chemical testing, constitutes an overt manifestation of confusion regarding the right to counsel triggering the *O'Connell* warnings. Majority Opinion at 145, 629 A.2d at 219.

In *O'Connell*, the supreme court held that where an licensee requests to speak to or call an attorney, when requested to take a breathalyzer test, in addition to telling the licensee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police must instruct the licensee that such rights are inapplicable to the breathalyzer test and that the licensee does not have a right to consult with an attorney or anyone else prior to taking the test.

1. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In this case, Licensee was requested to submit to an intoxilyzer test pursuant to Section 1547 of the Vehicle Code [3] and given the implied consent warnings. Licensee stated he would not submit to the test until he spoke to his attorney. The police officer then told Licensee that he was not entitled to speak to his attorney. Majority Opinion at 219. Thus, the specific requirements set forth in *O'Connell* were satisfied.

Once PennDOT presents its *prima facie* case,[4] the burden shifts to the licensee to prove that he was not capable of making a knowing and conscious refusal to take the test. *O'Connell,* 521 Pa. at 249, 555 A.2d at 876. Under the majority's holding today, all a licensee must do in order to satisfy his burden is continue to ask for an attorney after he has been informed by the police that he is not entitled to one. This expands the application of the knowing and conscious refusal beyond the standard of *O'Connell.*

Moreover, this court continues to adhere to the position that "where no *Miranda* warnings are given and there is no overt manifestation of confusion, no *O'Connell* warning is required." *Department of Transportation, Bureau of Driver Licensing v. Sorg,* 147 Pa.Commonwealth Ct. 82, 606 A.2d 1270, 1274 *petition for allowance of appeal denied,* 531 Pa. 657, 613 A.2d 561 (1992). Whether a licensee exhibits an overt manifestation of confusion, rendering him incapable of making a knowing and conscious refusal to take the test, is not a question of law; it is a factual determination to be made by the trial court. *O'Connell.*

As noted previously, no *Miranda* warnings were given in this case. In addition, the trial court specifically found that there was no indication in any of the testimony presented that Licensee exhibited overt manifestations of confusion. Trial Court Opinion at 2–3. Because I find substantial evidence of record to support the trial court's finding, I submit that no *O'Connell* warning was required. The police officer's repeated advisement to Licensee that he was not entitled to an

3.  75 Pa.C.S. § 1547.

4.  Licensee does not contend that PennDOT failed to meet its burden of presenting its prima facie case.

attorney adequately explained Licensee's rights under Section 1547 of the Vehicle Code.

Accordingly, I would affirm the order of the trial court, dismissing Licensee's appeal and sustaining his license suspension.