634 A.2d 670

Gary T. LECKENBY, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted: June 18, 1993.

Decided Sept. 2, 1993.

Publication Ordered Dec. 1, 1993.

Mark R. Alberts, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge, Appellate Section, for appellee.

Before CRAIG, President Judge, and PALLADINO, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Gary T. Leckenby (Leckenby) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) dismissing Leckenby's appeal from an order of the Department of Transportation (DOT) suspending his operating privilege because of an alleged refusal to submit to chemical testing of his blood pursuant to Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b)(1). Because we conclude as a matter of law that the police officer's explanation in response to Leckenby's numerous requests to speak to an attorney was adequate, we affirm the order of the Honorable Judge Raymond L. Scheib.

The undisputed facts are as follows. On July 7, 1992, Officer James A. Felt of the Robinson Township Police Department observed Leckenby operating his vehicle erratically and at a speed above the posted limit. After Officer Felt caused Leckenby to pull over, the officer noticed a strong odor of alcohol on Leckenby's breath and a lack of control over his motor skills. Leckenby failed the field sobriety tests administered at the scene by Officer Felt.

Officer Felt placed Leckenby under arrest for a violation of Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731, and transported Leckenby to a nearby hospital for the chemical testing of his blood. Officer Felt testified that Leckenby requested to speak with his attorney approximately twenty-seven times during the trip. En route, the officer verbally advised Leckenby of the implied consent law, read the March 1992 version of Department form DL–26 to him and then gave Leckenby the form to read for himself. The portion of the DL–26 form at issue provides as follows:

> As a police officer, it is my duty to explain to you that the constitutional rights due you in a criminal prosecution as set forth in the Miranda[1] decision do not apply to chemical testing under the implied consent law. Specifically, you do not have a right to consult with a lawyer or anyone else prior to taking the chemical test nor do you have the right to remain silent when a police officer asks you to submit to a chemical test. Your continued request to speak to a lawyer or anyone else after this explanation is given, or your silence when asked to submit to a chemical test, will be considered as a refusal of the chemical test subjecting you to the suspension of your driving privilege.

(R.R. 28a) (footnote added).

 The issue before us for review is whether, as a matter of law, the explanation given by the police officer in response to Leckenby's numerous requests to speak to an attorney, wherein the officer used the word "criminal," but not "civil," was sufficient to satisfy *Department of Transportation, Bureau of Driver Licensing v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). We note that our scope of review in a case where a motorist's operating privileges have been suspended is limited to determining whether findings of the trial court are supported by competent evidence, whether erroneous conclusions of law have been made or whether there has been a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Jennings,* 156 Pa.Commonwealth Ct. 219, 627 A.2d 211 (1993), *reh'g denied,* July 22, 1993).

Leckenby argues on appeal that we should find that, absent a detailed explanation as to *why Miranda* warnings are inapplicable under the implied consent law, an arrestee's refusal to submit to chemical testing is automatically unknowing and unconscious.

With reference to the adequacy of Officer Felt's explanation in response to Leckenby's requests for counsel, the trial court found as follows:

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Officer Felt testifies that not only did he advise [Leckenby] of the implied consent law and its implications in his own words, but that additionally, he read from a pre-printed form containing the law and submitted it to [Leckenby] for his own reading (H.T. 6). This course of action on the part of the arresting officer exhausted any and all possible means of communicating the pertinent information to [Leckenby].

(R.R. 15a–16a.)

In *Department of Transportation, Bureau of Driver Licensing v. McCann*, 533 Pa. 456, 626 A.2d 92 (1993), our Supreme Court initially affirmed *per curiam* this Court's affirmance of a license suspension, but upon reconsideration, reversed and restored the arrestee's operating privileges. There, as here, no *Miranda* warnings were given.

Specifically, the arrestee in *McCann* refused to take the test and stated that he would not participate in the test unless he was first given an opportunity to speak with his attorney. The police officer responded that the arrestee would not be permitted to speak with an attorney. However, in contrast to our case, in *McCann*, the officer did *not* explain that the right to counsel was not applicable to breathalyzer tests.

Our Supreme Court in *McCann* held that:

Inasmuch as appellant requested legal consultation and was not advised by police that his right to counsel under *Miranda* did not extend to breathalyzer test procedures, it cannot be said that his refusal to take the breathalyzer test was a knowing and conscious one.

*McCann*, at 456, 626 A.2d at 94.

Here, however, Officer Felt did advise Leckenby that his right to counsel did not apply prior to chemical testing procedures. That is all that the Supreme Court required in *McCann*, a factually similar case.[2]

---

2. In *Department of Transportation, Bureau of Driver Licensing v. Jennings*, 156 Pa.Commonwealth Ct. 219, 627 A.2d 211 (1993), *reh'g denied*, July 22, 1993), we held that, where an arrestee requested to speak to an attorney and manifested overt confusion over that right, the

From the information furnished by Officer Felt to Mr. Leckenby, we conclude that the trial court did not err in concluding that Leckenby was capable of making a knowing and conscious refusal to take the test.

We also conclude that our decision in *Department of Transportation, Bureau of Driver Licensing v. Elko*, 155 Pa.Commonwealth Ct. 24, 624 A.2d 717 (1993), is on all fours with this case. In *Elko*, the police officer gave no *Miranda* warnings, but the arrestee asked to speak to an attorney. In response, the police officer gave the arrestee a warning which was almost identical to the one given to Leckenby. The *Elko* officer stated:

> I must also inform you that your constitutional rights as a defendant in a criminal case do not apply to the taking of a chemical test, and therefore you do not have a right to consult with an attorney or anyone else prior to taking the chemical test or to have an attorney or anyone else present while you take the chemical test. Nor do you have a right to remain silent when asked to take a chemical test.

*Elko*, 155 Pa.Commonwealth Ct. at 28, 624 A.2d at 719 (emphasis deleted).

We held in *Elko* that the warning given was adequate to meet the guidelines set forth in *Department of Transportation, Bureau of Driver Licensing v. Sorg*, 147 Pa.Commonwealth Ct. 82, 606 A.2d 1270, *petition for allowance of appeal denied*, 531 Pa. 657, 613 A.2d 561 (1992). We concluded that a verbatim recitation of the *Sorg* requirements [3] was not neces-

police should have clarified the difference between civil and criminal proceedings relative to an arrestee's right to an attorney and should have given an explanation regarding the inapplicability of that right to a breathalyzer test. However, we also recognized in *Jennings* that if the essential subject matter is covered, it is not necessary to use a precise set of words in order to explain the difference.

**3.** We indicated in *Sorg* that a police officer should advise an arrestee who evidences confusion over his constitutional rights of the following:

1. That the right to counsel is a constitutional right and applies only to criminal proceedings, not to civil proceedings.

2. That the request to submit to chemical testing is not a criminal proceeding, that it is a civil proceeding, but the licensee's refusal to

sary as long as the subject matter was covered, and that it was not necessary to use the term "civil proceeding" in order to make an arrestee aware that the constitutional criminal rights do not extend to a chemical blood test.

*Department of Transportation, Bureau of Driver Licensing v. Kaczorowski,* 155 Pa.Commonwealth Ct. 36, 624 A.2d 723 (1993), also involved the sufficiency of an explanation given to an arrestee who had not been given *Miranda* warnings, but asked to confer with counsel. We held that the police officer's failure to include the fact that a licensee's refusal to submit to testing may be introduced in evidence in a subsequent criminal proceeding is not essential to a knowing a conscious decision as to whether to submit to chemical testing. Further, we found that the warning given, essentially identical to that given here and in *Elko,* comported with the guidelines set forth in *Sorg.*

Accordingly, in the case before us, we conclude that Officer Felt adequately "elucidated on the basic information the police must give the non-Mirandized licensee who asks to confer with someone before deciding to submit to chemical testing." *Kaczorowski,* 155 Pa.Commonwealth Ct. at 39, 624 A.2d at 725.

For the above reasons, we affirm.

## ORDER

**AND NOW,** this 2nd day of September, 1993, the order of the Court of Common Pleas of Allegheny County dated January 13, 1993 at No. SA 2802 of 1992 is hereby affirmed.

submit to the testing may be introduced in evidence in a subsequent criminal proceeding.

3. That the licensee does not have a right to contact an attorney or anyone else before taking the test nor does he have the right to remain silent as to the testing procedures; that is, licensee must affirmatively agree to submit to the chemical testing.

*Sorg,* 147 Pa.Commonwealth Ct. at 91, 606 A.2d at 1275 (footnote omitted).