**Linda S. COOK,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 17, 1995.

Decided Sept. 8, 1995.

Timothy P. Wile, Assistant Counsel In–Charge, Appellate Section, for appellant.

No appearance for appellee.

Before DOYLE, KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals an order of the Court of Common Pleas of Indiana County, which sustained Linda S. Cook's statutory appeal of a one year suspension of her driver's license.

On March 20, 1992, Pennsylvania State Police Trooper James J. Steigerwalt was dispatched to the Irwin Interchange of the Pennsylvania Turnpike to investigate an automobile accident. When he arrived at the scene, he discovered an automobile sitting on top of a medial barrier separating the traffic lanes from an employee's parking lot. Cook then approached the Trooper and informed him that she was the driver of the vehicle. As Cook walked toward the Trooper, he notice that she was swaying and staggering; as they spoke, he detected an odor of alcohol on Cook's person and breath and she admitted to him that she had consumed two glasses of wine earlier that day. She was then placed under arrest for driving under the influence of alcohol. The Trooper then requested that she submit to chemical testing.

The Trooper provided Cook with both *Miranda*[1] warnings and the Implied Consent Warning, and requested that she take the intoxilyzer test.[2] Cook initially agreed to take the test; however, she then refused, insisting to speak to her attorney. The Trooper informed Cook that she did not have the right to speak to an attorney or anyone else prior to taking the test, and Cook then refused to take the test.

On April 14, 1992, DOT suspended Cook driver's license for one year, pursuant Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b), for refusing chemical testing. Cook filed a timely statutory appeal with the trial court and, after a hearing, the trial court sustained her appeal. Cook had argued that her suspension was improper because the Trooper did not provide her with sufficient warnings required under *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989), and, therefore, she was unable to make a knowing and conscious refusal of whether or not to take the test. Relying on *Department of Transportation, Bureau of Driver Licensing v. Sorg,* 147 Pa.Commonwealth Ct. 82, 606 A.2d 1270, *petition for allowance of appeal denied,* 531 Pa. 657, 613 A.2d 561 (1992), the trial court determined that, because the Trooper only told Cook that she did not have the right to speak to counsel or anyone else before taking the test, the warning provided by the Trooper was inadequate under *O'Connell.* This appeal by DOT followed.

DOT contends that the trial court erred in sustaining Cook's appeal, because the warning provided by Trooper Steigerwalt was adequate under our Supreme Court's decisions

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, commonly known as the Implied Consent Law, provides that:

    [a]ny person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance....

    That section further provides that the police have a duty to inform a motorist that his or her operating privilege will be suspended upon refusal to submit to chemical testing; the suspension for refusal is for a period of 12 months.

in *Department of Transportation, Bureau of Driver Licensing v. Ingram*, 538 Pa. 236, 648 A.2d 285 (1994), and *Department of Transportation, Bureau of Driver Licensing v. Frain*, 538 Pa. 236, 648 A.2d 285 (1994).

■ In *O'Connell*, our Supreme Court held that a motorist may be confused over whether his or her *Miranda* rights apply to testing for blood alcohol content, because the motorist is arrested for a crime, driving under the influence, yet the issue of consent to chemical testing is civil. *O'Connell* places the burden on the police, in situations where a motorist overtly manifests confusion over the applicability of the *Miranda* rights to chemical testing or the police read the *Miranda* warnings to the motorist before requesting the driver to submit to a chemical test, to explain to the motorist that *Miranda* rights do not apply to chemical testing. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992). The purpose of the *O'Connell* explanation is to enable a motorist to make a knowing and conscious decision on whether to refuse to submit to chemical testing.

■ In the present case, the Trooper provided Cook with *Miranda* warnings prior to requesting that she submit to chemical testing, and Cook, thereafter, demanded to speak with counsel. Therefore, under *Danforth*, the Trooper was obligated to provide Cook with an *O'Connell* warning. Accordingly, we must now determine whether the warning the Trooper provided to Cook satisfied *O'Connell*.

Our Supreme Court further developed the requirements for an adequate *O'Connell* warning in *Ingram* and *Frain*, two cases that were consolidated and decided in a single opinion. Reversing this Court's decision in *Sorg*,[3] the Supreme Court explained in *Ingram* and *Frain* that an *O'Connell* warning must include the following information:

"first, a motorist must be informed that his driving privileges will be suspended for one year if he refuses chemical testing, second, the motorist must be informed that his *Miranda* rights do not apply to chemical testing." *Ingram*, 538 Pa. at 255, 648 A.2d at 294–95. The Supreme Court noted that its holding was not a "mantra" that the police are required to mechanically repeat, but merely describes the subject matter the police must cover in their warning. In addition, the court expressly held that DOT's DL–26 form satisfies *O'Connell*; that form reads, in pertinent part, as follows:

> You do not have the right to consult with an attorney, or anyone else, prior to taking the chemical test. If you fail to provide the requested sample, by not following instructions or by continuing to request to speak with someone, it will be considered a refusal.

*Ingram*, 538 Pa. at 251, 648 A.2d at 292.

The Supreme Court applied its holding in *Ingram* and *Frain* in *Department of Transportation, Bureau of Driver Licensing v. Gomo*, 538 Pa. 475, 649 A.2d 431 (1994), a case where the police provided a motorist with an *O'Connell* explanation similar to the explanation in the instant case. Because the Supreme Court's decision in *Gomo* is a per curiam order, we will describe the facts as outlined in this Court's opinion, *Department of Transportation, Bureau of Driver Licensing v. Gomo*, 157 Pa.Commonwealth Ct. 142, 629 A.2d 217 (1993), *rev'd*, 538 Pa. 475, 649 A.2d 431 (1994).

In *Gomo*, a motorist refused to submit to chemical testing until he spoke to his attorney. The police told the motorist that "he was not entitled to an attorney before taking the test." The motorist refused the test and his driver's license was suspended for one year. He appealed to the trial court, which upheld his suspension on the grounds that he

---

3. In *Sorg*, this Court held that a meaningful *O'Connell* warning needed to convey to a motorist why his or her *Miranda* rights do not apply to chemical testing. When a motorist was given *Miranda* warnings, therefore, we required the *O'Connell* explanation to include that following information: the constitutional rights that protect a criminal defendant do not apply to chemical testing; a motorist has no right to consult with an attorney before taking the test; and *Miranda* rights do not apply because chemical testing is a civil proceeding. The Supreme Court, however, explicitly rejected the above analysis in *Ingram* and *Frain*, holding that there is no obligation for the police to explain why *Miranda* rights are inapplicable to chemical testing or distinguish criminal and civil proceedings.

exhibited no overt confusion and that the police adequately explained his rights to him. That decision was appealed to this Court, which reversed. Relying on this Court's decision in *Sorg* and the Supreme Court's opinion in *Department of Transportation, Bureau of Driver Licensing v. McCann*, 533 Pa. 456, 626 A.2d 92 (1993), this Court held that the warning provided by the police was inadequate under *O'Connell*, because the police only informed the motorist that he was not entitled to an attorney. Thereafter, the Supreme Court reversed this Court's decision in *Gomo*, stating only that its decision was based on *Ingram* and *Frain*. ·

Previous to *Ingram, Frain* and *Gomo*, the law was different. In *McCann* a motorist was provided with an *O'Connell* explanation like the one in *Gomo* and the instant case. In *McCann*, a motorist demanded to speak to his attorney prior to submitting to chemical testing. The police informed the motorist that "he would not be permitted to speak with an attorney before taking the test." *McCann*, 533 Pa. at 458, 626 A.2d at 93. The motorist refused the test and his license was suspended. He appealed his suspension to the common pleas court, which upheld the suspension. Thereafter, the motorist appealed to this Court, which affirmed the common pleas court's order. Our Supreme Court, however, reversed, holding that the explanation the police provided to the motorist was inadequate under *O'Connell*. The Supreme Court reasoned as follows:

> Inasmuch as appellant requested legal consultation and was not advised by [the] police that his right to counsel under *Miranda* did not extend to breathalyzer test procedures, it cannot be said that his refusal ... was a knowing and conscious one. The procedures used by the police, whereby, without further explanation, appellant was simply told that he could not contact his attorney, did not satisfy the requirement of *O'Connell*. ...

*McCann*, 533 Pa. at 460, 626 A.2d at 94 (citation omitted).

4. While we are reversing the trial court, we recognize that the trial court issued its order before

In view of the above, we conclude the following: under *Ingram* and *Frain*, the minimum requirements for an *O'Connell* warning are satisfied if the police inform the motorist (a) of the provisions of the Implied Consent Law, and (b) explain to the motorist he or she does not have the right to consult with attorney before taking the test. It is obvious that the result in *McCann* is patently inconsistent with the Supreme Court's later decisions in *Ingram, Frain* and *Gomo*, and cannot be reconciled with or distinguished from those holdings. Thus, it appears to this Court that *McCann* has been overruled by the Supreme Court *sub silencio.*

Applying the aforementioned analysis to the instant case, we are obliged to hold that the police provided Cook with an adequate *O'Connell* warning. There is no dispute that the Trooper advised Cook of the Implied Consent Warnings. Also, the explanation the Trooper provided to Cook, that she did not have the right to talk to counsel or anyone else prior to taking the chemical test, complies with *O'Connell* under *Ingram, Frain*, and *Gomo*. The Supreme Court in *Ingram* stated that "[i]nforming the motorist that his right to counsel does not apply to chemical testing resolves for the motorist any confusion he may have about his right to counsel." *Ingram*, 538 Pa. at 255, 648 A.2d at 294. Moreover, the warning provided to Cook contains the essence of the information contained in DOT's DL–26 form, approved by the Supreme Court in *Ingram* and *Frain* as satisfying the minimum requirements for an *O'Connell* explanation.

Accordingly, the trial court's order is reversed [4] and Cook's suspension is reinstated.

### *ORDER*

NOW, September 8, 1995, the order of the Court of Common Pleas of Indiana County in the above-captioned matter is hereby reversed and Linda S. Cook's suspension is reinstated.

the Supreme Court's decisions in *Ingram* and *Frain* were filed and before *Sorg* was reversed.

KELLEY, Judge, dissenting.

I respectfully dissent. The majority relies upon *Gomo*[1] in which this Court, by the opinion of Judge Pellegrini, reversed the trial court, sustained the appeal of the licensee and held that the warning provided by the police was inadequate under *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989), because the police only informed the motorist that he was not entitled to an attorney. Our Supreme Court reversed this court's opinion in *Gomo, per curiam,*[2] citing *Frain.*[3]

The case *sub judice* significantly differs from *Gomo*. In *Gomo, Miranda*[4] warnings were not given to the licensee, while in the instant case *Miranda* warnings were given to the licensee. Moreover, in *Gomo,* the trial court found that the police had adequately explained the licensee's rights to him and did not sustain the licensee's appeal of his license suspension. In the instant case, the trial court did sustain the licensee's appeal.

I believe that the instant case is parallel with *Frain* in all significant respects.

In *Frain,* the licensee was given *Miranda* warnings and asked to speak with an attorney. When he stated that he wanted to speak with an attorney, the arresting officer told Frain that he did not have that option. Frain's license was suspended. The trial court entered an order reinstating Frain's driver's license and held that the warning furnished to Frain was insufficient to discharge the officer's duty under *O'Connell.* The trial court decision was affirmed by this court. In affirming this court's determination, our Supreme Court stated as follows:

> Having reviewed the record ... we [I] are [am] satisfied with the trial court's finding that Frain [Cook] did not know anything more than that he [she] did not

have the option of speaking with an attorney.

*Frain,* 538 Pa. at 256–57, 648 A.2d at 295.

I believe that we are bound under *Frain* to follow the credibility determinations of the trial court. Accordingly, I would affirm.

1. *Department of Transportation, Bureau of Driver Licensing v. Gomo,* 157 Pa.Commonwealth Ct. 142, 629 A.2d 217 (1993).

2. *Department of Transportation, Bureau of Driver Licensing v. Gomo,* 538 Pa. 475, 649 A.2d 431 (1994).

3. *Department of Transportation, Bureau of Driver Licensing v. Frain,* 538 Pa. 236, 648 A.2d 285 (1994).

4. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).