**Frank E. HIRSCH**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 29, 1995.

Decided March 27, 1996.

Reargument Denied May 21, 1996.

Timothy P. Wile, Assistant Counsel In–Charge, for Appellant.

Christine M. Selden, for Appellee.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County which sustained Frank E.

---

Hirsch's statutory appeal of a one-year suspension of his driver's license, imposed pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b).

Avalon Borough Police Officer Craig Cannella stopped Hirsch after observing Hirsch's vehicle fail to make a complete stop at a red traffic signal and, thereafter, cross over a double yellow line into incoming traffic. Because Officer Cannella detected an odor of alcohol emanating from Hirsch, he administered several field sobriety tests, all of which Hirsch failed. Officer Cannella then requested Hirsch to submit to chemical testing of his blood. Hirsch initially agreed to submit to the test and was transported to Suburban General Hospital. Upon arriving at the hospital, however, Hirsch refused to submit to the test and requested to speak to an attorney. Officer Cannella then read to Hirsch the warnings set forth in the July 1992 version of the DL–26 form,[1] during which time Hirsch repeatedly interrupted him and requested to speak to an attorney. Because Hirsch again refused to submit to the blood test, Officer Cannella reported Hirsch's refusal to DOT.

By official notice dated September 20, 1994, DOT notified Hirsch that his operating privilege was suspended for one year as a result of his reported refusal to submit to chemical testing on August 24, 1994. Hirsch appealed his suspension to the Court of Common Pleas of Allegheny County which held a *de novo* hearing. The trial court sustained Hirsch's appeal, stating in pertinent part:

[Hirsch] testified at trial that at the time the ... police officer requested testing, he believed that he had a right to speak with counsel prior to submitting (H.T., 12). This testimony is consistent with that of Officer Cannella (H.T. 6). *We accepted as credible [Hirsch's] testimony regarding his confusion over the issue of counsel and concluded that while Officer Cannella was not remiss in his duties, a brief extemporaneous explanation of this issue would have sufficed to clarify any confusion.*

(Opinion of the Trial Court at 1–2; R.R. at 29a–30a.) (Emphasis added.)

On appeal, DOT presents the single issue: whether the trial court erred in concluding that Hirsch was confused over the applicability of the *Miranda*[2] rights to the chemical testing procedure under the Implied Consent Law where Hirsch was provided with an *O'Connell*[3] warning which fully complied with the requirements set forth by the Supreme Court in *Department of Transportation, Bureau of Driver Licensing v. Ingram,* 538 Pa. 236, 648 A.2d 285 (1994).

◼ It is now settled in Pennsylvania that where a motorist is requested to submit to chemical testing and the motorist then asks to consult with someone, regardless of whether *Miranda* warnings have been given, the law requires that (1) "a motorist must be informed that his driving privileges will be suspended for one year if he refuses chemical testing; [and (2)] the motorist must be in-

---

1. Officer Cannella testified as follows:

   Q Briefly could you tell the Court what you told Mr. Hirsch.
   A I advised him he was under arrest for driving under the influence of alcohol, requested him to submit to a chemical test of blood. Informed him that, as a police officer, upon his refusal to submit to the chemical test his operating privileges would be suspended for a period of one year. Informed him [of] his constitutional rights he has as a criminal defendant, commonly known as Miranda rights, including the right to speak to a lawyer and the right to remain silent, apply only to criminal prosecution and do not apply to chemical test procedure under Pennsylvania implied consent law, which is a civil not a criminal proceeding. Informed him he had no right to speak to a lawyer or anyone else before taking the chemical test requested by the police officer nor did

   he have a right to remain silent when asked by the police officer to submit to the chemical test. Unless you agree to submit to the test requested by the police officer, your conduct will be deemed a refusal and your operating privileges will be suspended for one year. Also, your refusal to submit to chemical testing under the implied consent law may be introduced into evidence in a criminal prosecution for driving while under the influence of alcohol or a controlled substance.
   (Notes of Testimony (N.T.) at 7–8; Reproduced Record (R.R.) at 12a–13a.)

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

formed that his *Miranda* rights do not apply to chemical testing." *Ingram*, 538 Pa. at 256, 648 A.2d at 294–95 (footnote omitted). The Supreme Court stated in *Ingram* that *only* these two requirements are mandated under the law, criticizing this Court's decisions wherein we held that an *O'Connell* warning must also contain an explanation why *Miranda* rights are not applicable to chemical testing, *i.e.*, that the *Miranda* right to counsel only applies to criminal proceedings and chemical testing is a civil, not criminal, proceeding. *See Department of Transportation, Bureau of Driver Licensing v. Hoover*, 147 Pa.Cmwlth. 70, 606 A.2d 1264, *petition for allowance of appeal denied*, 531 Pa. 656, 613 A.2d 561 (1992); *Department of Transportation, Bureau of Driver Licensing v. Sorg*, 147 Pa.Cmwlth. 82, 606 A.2d 1270, *petition for allowance of appeal denied*, 531 Pa. 657, 613 A.2d 561 (1992).[4] Specifically, Justice Montemuro, in *Ingram*, stated that:

> The Commonwealth Court has misconstrued our holdings in the *O'Connell* line of cases, and, as a result, has expanded the *O'Connell* rule unreasonably making the warning difficult for the motorist to understand and placing an unacceptable burden on police.
>
> . . . .
>
> Accordingly, we overrule any case which turns on the determination that the warning given the motorist failed to comply with *O'Connell* because the officer failed to explain the distinction between criminal and civil proceedings with regard to the refusal to submit to chemical testing.

*Ingram*, 538 Pa. at 255–56, 648 A.2d at 294.

Justice Montemuro also stated why only the two warnings are necessary:

> Informing the motorist that his right to counsel does not apply to chemical testing resolves for the motorist any confusion he may have about his right to counsel.

> *Hence, the motorist is furnished with the tools necessary to make a knowing and conscious decision without introducing information that would heighten confusion.*

*Id.* (emphasis added).

Despite Justice Montemuro's statement that a police officer need only provide a motorist with the two warnings mandated by *Ingram*, in order to supply the motorist with the "tools necessary to make a knowing and conscious refusal," the Supreme Court **held** in *Ingram* that if *the trial court* finds that the motorist was nevertheless confused over the applicability of the *Miranda* rights to chemical testing and sustains the motorist's appeal, then the appellate court must give deference to the trial court's finding and affirm. Specifically, the Supreme Court stated:

> Because the testimony elicited at trial supports the finding that the driver was confused, **and questions of credibility and conflicts in the evidence presented are for the trial court to resolve,** we are precluded from overturning the trial court's determination and must affirm. Furthermore, the warning provided on DL–26 satisfy, as a matter of law, the minimum requirements we have articulated today.

*Id.* at 257, 648 A.2d at 295 (emphasis added).

Accordingly, DOT's argument that "once a police officer has provided a licensee with the information required by the Pennsylvania Supreme Court in *Ingram*, the licensee has all of the information required to make a knowing and conscious decision regarding chemical testing and *may no longer reasonably contend* that he or she is still confused over the applicability of Miranda right to counsel to the chemical testing process"[5] clearly ignores the Supreme Court's holding in *Ingram*.[6]

---

4. In *Sorg*, we held that "[a] truly meaningful warning requires, in addition, an explanation as to *why* those rights do not apply." 606 A.2d at 1272–73. The purpose of this holding was to assist motorists in making knowing and conscious refusals by providing them with relevant information regarding their *Miranda* rights.

5. (Appellant's Brief at 9; emphasis added.)

6. We note that the Supreme court has recently granted DOT's petition for allowance of appeal in our recent decision in *Scott v. Department of Transportation, Bureau of Driver Licensing*, 655 A.2d 198 (Pa.Cmwlth.), *petition for allowance of appeal granted*, 541 Pa. 647, 663 A.2d 697 (1995). In that case, the *en banc* court split 2–2–3 with two judges joining one opinion supporting the common pleas court's decision to sustain Scott's

It is not disputed that after Hirsch requested to speak to an attorney, Officer Cannella provided him with a legally sufficient *O'Connell* warning. Nonetheless, the trial court found as a fact that Hirsch was confused regarding his right to counsel, based upon Hirsch's testimony which the court accepted as credible as well as the corroborating testimony of Officer Cannella. Accordingly, pursuant to the holding in *Ingram*, we are required to affirm the trial court's decision sustaining Hirsch's appeal.[7]

Order affirmed.

## ORDER

NOW, March 27, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is hereby affirmed.

SILVESTRI, Senior Judge, dissents.

appeal on the ground that he was confused, two judges joining a concurring opinion supporting the common pleas court's decision on a different basis, and three judges joining the dissenting opinion.

7. DOT argues that the Supreme Court decision in *Department of Transportation, Bureau of Driver Licensing v. Zito*, 540 Pa. 20, 655 A.2d 491 (1994), and our recent decision in *Cook v. Department of Transportation, Bureau of Driver Licensing*, 664 A.2d 1098 (Pa.Cmwlth.1995), support a contrary result. We disagree. In both *Zito* and

*Cook*, the trial court sustained the licensees' appeals on the basis that they were not provided adequate warnings when requested to submit to chemical testing. In *Cook*, we reversed because we found that the warnings given were adequate under *Ingram*; in *Zito*, the Supreme Court reversed *per curiam*, citing *Ingram*. Conversely, the issue presented in the instant case is not the adequacy of the *O'Connell* warnings, but rather whether the trial court erred in determining that the licensee was subjectively confused. Accordingly, *Zito* and *Cook* are inapplicable.